## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PERMANENT GENERAL | : | |
| ASSURANCE CORPORATION | : | |
| OF OHIO | : | |
| | : | 19-cv-04619 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KIMBERLY MCDEVITT, et al., | : | |
| | : | |
| Defendants | : | |

## **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Permanent General Assurance Corporation of Ohio ("Permanent General"), files this Motion for Summary Judgment in this matter for declaratory and final relief because there is no evidence of record that coverage is afforded for Defendants Michael Miller and Kimberly McDevitt based on the clear and unambiguous terms of the relevant Policy of Insurance, and in support thereof offers the following:

## **Procedural History**

1.      Plaintiff, Permanent General Assurance Corporation of Ohio filed a Complaint for Declaratory Relief naming Defendants Kimberly McDevitt, Daniel F. McGinty, Michael Miller, Colby Todd, Samuel Charnegie, and Lehigh Valley Interior Construction, as reflected in the above captioned matter.  See Complaint attached hereto and marked as Exhibit A.

2.      Such Complaint seeks declaratory judgment that there is no obligation to provide coverage, indemnity or defense to Michael Miller and/or Kimberly McDevitt for claims arising from an automobile accident of May 9, 2018, and as specifically set forth in the matter identified as *Colby Todd v. Michael Miller, et al., Court of Common Pleas of Lehigh County,*

*Pennsylvania, docket number 2018-C-3429* ("The Underlying Matter").  See Complaint in the Underlying Matter attached hereto and marked as Exhibit B.

3. Default Judgments were entered in this matter against Defendants Kimberly McDevitt, Daniel F. McGinty, Michael Miller, Colby Todd, and Lehigh Valley Interior Construction on December 5, 2019.  See Docket Report attached as Exhibit C.

4. The sole Defendant against whom Default Judgment has not been entered is Samuel Charnegie.  See Exhibit C.

5. Defendant Charnegie entered into a Stipulation in which he agreed that he would not be presenting any evidence or argument in opposition to the relief sought by Plaintiff in this matter.  See Stipulation attached as Exhibit D.

6. Because the clear and unambiguous terms of the relevant Policy of Insurance preclude coverage for the claims asserted in The Underlying Matter, Permanent General files this Motion for Summary Judgment.

## The Underlying Matter

7. Defendant Colby Todd filed the Underlying Matter asserting a claim in negligence arising from an accident which occurred on May 9, 2018.  See Exhibit B.

8. Defendant Todd named Defendant Michael Miller as a defendant in the Underlying Matter claiming third party benefits for personal injuries and other damages allegedly sustained as a result of the incident of May 9, 2018.  See Exhibit B.

9. Defendant Todd alleges that at the time of the underlying accident Defendant Michael Miller was operating a 2002 Pontiac Grand Am automobile, which crossed the center line of the highway and impacted a vehicle driven by Defendant Colby Todd.  See Exhibit B.

**Relevant Facts**

10.     It is undisputed that at the time of the underlying accident, Defendant Michael Miller was operating a 2002 Pontiac Grand Am automobile owned by Defendant Kimberly McDevitt.  See Stipulation attached hereto and marked as Exhibit E.  See also Police Report attached as Exhibit F.

11.     It is further undisputed that at the time of the underlying accident, Defendant Michael Miller was operating the 2002 Pontiac Grand Am automobile owned by Defendant Kimberly McDevitt without a valid driver's license.  See Exhibits E and F.  There is no evidence offered to the contrary.

**The Applicable Policy of Insurance**

12.     Permanent General issued an Automobile Insurance Policy to Defendant Kimberly McDevitt bearing a Policy Number PN3594374 ("The Policy").  See Automobile Insurance Policy attached hereto and marked as Exhibit G.

13.     The Policy period is identified as August 14, 2017 thru August 14, 2018.  See Exhibit G.

14.     The Policy identifies Kimberly McDevitt as the sole driver.  See Exhibit G.

15.     The Policy lists two vehicles, the 2002 Pontiac Grand Am automobile involved in the underlying matter, and a 1977 GMC Sierra automobile.  See Exhibit G.

16.     The Policy includes the following relevant portions:

**GENERAL AGREEMENT TO INSURE**

> 1. Subject to all the terms of this policy, **we** agree to insure **you** for the coverages **you buy from** us**, as shown on the** declarations page **if:**
>
> * * *
>
> 4. No coverage or Benefits are provided under this policy unless there is full compliance with all of its terms and conditions.

5. Bolded terms used in this policy shall have the meaning shown in the **Policy Definitions** except when defined in the coverage part.

## POLICY DEFINITIONS

Some of the words and phrases in this policy are defined to make the policy easier to read.

When shown in **bold** print, the words and phrases below are defined as set forth here. These definitions apply throughout this policy, including when the word or phrase is used in its singular, plural, possessive, active or passive form or, if a verb, when used in any verb tense.

6. **"Auto"** means a **motor vehicle** of the private passenger type sedan, pick up truck, van or sport utility van that:

   a. Has a gross vehicle weight rating stated by the manufacturer that is no greater than 10,000 pounds;
   b. Has either four wheels, or is a six wheel dual rear wheel pick up truck;
   c. Is subject to **state motor vehicle** registration laws; and
   d. Is designed for **use** on public roads and highways.

   \* \* \*

16. **"Driver's license"** means a current and valid permit, license or certificate:
    a. Issued by a government agency; and
    b. That authorizes a **person** to **operate** a **motor vehicle**.

   \* \* \*

23. "**Insured driver**" is a person specifically identified on the **declarations page** as an active driver under this policy.

31. **"Named insured"** means the **person** or **persons** shown on the **declarations page** as the policyholder, or designated as **"Named Insured".**

36. **"Operate"** and **"Operating"** means the act of being directly in control of a **motor vehicle**.

40. **"Person"** means a human being.

52. **"You"** and **"Your"** mean**:**
    **a.** The **named insured**; and

   \* \* \*

**PART I-LIABILITY COVERAGE**

**Insuring Agreement**

Subject to the limits of liability, if **you** buy Liability Coverage from **us** on this policy, **we** will pay compensatory damages, for which an **insured person** is legally liable to others because of:

> a. **Bodily injury**; or
> b. **Property damage** that results from **a motor vehicle accident.**

**Additional Definitions**

When shown in **bold** print, the following definition(s) shall apply for Part I, including when the defined word or phrase is used in it's singular, plural, (possessive, active or passive form.

**"Insured person",** in this Part I, means:

1. "You", a "family member" or an "insured driver" for the ownership or use of:

a. **a covered auto** covered by this Part I

2. Any other **person** who is **using** a **covered auto** with **your** permission but only if:

* * *

**Exclusions**

We have no duty to defend and we do not provide this Part I-Liability Coverage for any person for:

> 13. Operation of any **auto** by a **person** who:
>
> a. Does not have a **driver's license**;
> b. Has a **driver's license** that is suspended or revoked;

* * *

This does not apply to an **auto** being **operated** by any **insured driver**.

See Exhibit F (**Emphasis Added**)

**Applicable Law**

17.     An insurance contract is governed by the law of the state in which the contract was made.

18.     Under Pennsylvania law, an insurance company is obligated to defend an insured whenever the complaint filed by the injured party may potentially come within the policy's coverage. Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc., 606 Pa. 584, 2 A.3d 526, 2010 Pa. LEXIS 1803.  See also Pacific Indem. Co. v. Linn, 766 F.2d 754, 760 (3rd Cir. 1985).

19.     Once any possibility of coverage for the claim asserted is eliminated the duty to defend is extinguished. Stated another way, the insurer's duty to defend exists until the claim is confined to a recovery that the policy does not cover.  Imperial Casualty & Indemnity Co. v. High Concrete Structures, Inc., 858 F.2d 128, 132 (3d Cir. 1988).

20.     Where an insurer relies on a policy exclusion as the basis for its denial of coverage and refusal to defend, the insurer bears the burden of proving such defense.

21.     Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. Madison Constr. Co. v. Harleysville Mut. Ins. Co., 735 A.2d 100, 106 (Pa. 1999).  See also Pacific Indem. Co., 766 F.2d at 761.

22.     Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language.  Madison Constr. Co. v. Harleysville Mut. Ins. Co., 735 A.2d 100, 106 (Pa. 1999).  See also Pacific Indem. Co., 766 F.2d at 760-61.

23.     Contractual language is ambiguous if it is reasonably susceptible to different constructions and capable of being understood in more than one sense.  However, courts should not distort the meaning of the language or resort to a strained contrivance in order to find an

ambiguity. Madison Constr. Co. v. Harleysville Mut. Ins. Co., 735 A.2d 100, 106 (Pa. 1999) (citation omitted). See also: Limmer v. Assurant, Inc., 2014 Pa. Dist. & Cnty. Dec. LEXIS 10805, *14.  See also Pacific Indem. Co., 766 F.2d at 761.

24. The United States Third Circuit Court of Appeals has previously addressed the specific policy exclusion at issue in this Complaint and affirmed a ruling of the United States District Court for the Third Circuit of Pennsylvania, which enforced an unlicensed driver policy exclusion in an automobile insurance policy.  See Duncan v. Omni Ins. Co., 2017 U.S. App. LEXIS 25240 (3d Cir. 2017).

25. In Duncan, the Third Circuit Court of Appeals refused to invalidate the unlicensed driver exclusion, which read as follows:

> We do not provide Liability Coverage for any insured
>
> . . .
>
> 16. For bodily injury or property damage resulting from the ownership, maintenance or use of any vehicle when driven by an individual who:
>
>> c. Does not have a valid driver's license; or
>>
>> d. Has a suspended or revoked driver's license.
>
> See Duncan v. Omni Ins. Co., 2017 U.S. App. LEXIS 25240 *2.

**Standard of Review**

26. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Federal Rule of Civil Procedure 56(c).

27. The party moving for summary judgment has the initial burden of showing the basis for its motion. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct.

2548 (1986). The moving party bears the burden of showing that there is an absence of evidence to support the nonmoving party's case. See Celotex, 477 U.S. at 325.

28. Once the moving party adequately supports their motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c), the burden shifts to the nonmoving party to go beyond the mere pleadings and present evidence through affidavits, depositions, or admissions on file to show that there is a genuine issue for trial. See Celotex, 477 U.S. at 324.

29. A genuine issue is one in which the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A fact is "material" only if it might affect the outcome of the suit under applicable rules of law. See Anderson., 477 U.S. at 248.

30. When deciding a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the non movant. See Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912, 122 L. Ed. 2d 659, 113 S. Ct. 1262 (1993).

31. Nonetheless, a party opposing summary judgment must do more than rest upon mere allegations, general denials, or vague statements. See Trap Rock Indus., Inc. v. Local 825, 982 F.2d 884, 890 (3d Cir. 1992).

### Application to Facts

32. The claim asserted in The Underlying Matter arises from an automobile accident that occurred within the Policy period. See Exhibits B and G.

33. Defendant, Michael Miller, is **not** a named insured under The Policy. See Exhibit G.

34. Defendant, Kimberly McDevitt, is a named insured under The Policy. See Exhibit G.

   a. **There is No Coverage Afforded to Michael Miller Under The Policy**

35. Exclusion 13(a) of The Policy excludes coverage for claims arising from "Operation of any **auto** by a **person** who… does not have a **driver's license**." See Exhibit G (**emphasis added**).

36. Accordingly, under The Policy, there is no coverage afforded for the injuries claimed sustained as a result of an accident involving the operation of an automobile by a person without a driver's license.

37. Defendant Michael Miller is a human being, and therefore falls within the definition of "person" in The Policy. See Exhibit G.

38. It is undisputed that at the time of the underlying accident, Defendant Michael Miller was operating a 2002 Pontiac Grand Am automobile owned by Defendant Kimberly McDevitt and identified as an insured vehicle on The Policy. See Exhibit E.

39. The 2002 Pontiac Grand Am automobile operated by Defendant Michael Miller is a private passenger motor vehicle, and therefore falls within the definition of "auto" in The Policy. See Exhibit G.

40. It is further undisputed that at the time of the underlying accident, Defendant Miller was operating the 2002 Pontiac Grand Am automobile without a valid driver's license. See Exhibits E and F.

41. Accordingly, the operation of the 2002 Pontiac Grand Am automobile (an "auto") by Defendant Michael Miller (a "person"), without a driver's license during the automobile

accident that forms the basis of the Underlying Matter falls directly within Exclusion 13(a) of The Policy.

42. The sole exception to Exclusion 13(a) of The Policy provides that Exclusion 13(a) "does not apply to an **auto** being **operated** by any **insured driver**." See Exhibit G.

43. An "insured driver" is defined in The Policy as "a person specifically identified on the **declarations page** as an active driver under this policy." See Exhibit G.

44. However, Defendant, Michael Miller, is **not** identified as an active driver on the declarations page for The Policy. See Exhibit G.

45. Accordingly, the exception to Exclusion 13(a) of The Policy is not applicable to Defendant Michael Miller, and does not provide a basis under which to provide coverage.

46. Therefore, under the express terms of the applicable policy, there is no coverage afforded for Defendant Miller for the injuries claimed in the underlying matter because Defendant Miller was operating the insured vehicle without a driver's license when the subject accident occurred, and any duty to defend Defendant Miller has similarly been extinguished.

**b. There is No Coverage afforded to Kimberly McDevitt Under The Policy**

47. There is no coverage afforded for Defendant Kimberly McDevitt for the injuries claimed sustained as a result of the subject accident because her insured vehicle was being operated by a person without a driver's license.

48. Exclusion 13(a) of The Policy excludes coverage for claims arising from "Operation of any **auto** by a **person** who… does not have a **driver's license**." See Exhibit G (**emphasis added**).

49.     This exclusion excludes coverage for any claims arising from an instance in which an automobile was operated by a person without a driver's license, which serves to exclude any coverage for Defendant McDevitt in this matter.

50.     Furthermore, the exception to Exclusion 13(a) of The Policy is inapplicable to Defendant McDevitt.

51.     The exception to Exclusion 13(a) of The Policy provides that Exclusion 13(a) "does not apply to an **auto** being **operated** by any **insured driver**." See Exhibit G.

52.     "Operate" and "Operating" are defined in The Policy as "the act of being directly in control of a motor vehicle." See Exhibit G.

53.     It is undisputed that Defendant Miller, not Defendant McDevitt, was in control of the 2002 Pontiac Grand Am automobile at the time of the underlying accident. See Exhibit E.

54.     Therefore, the exception to Exclusion 13(b) is inapplicable to Defendant McDevitt because the exception only applies to automobiles being operated by the insured driver, which is not the case here because Defendant McDevitt was not operating the vehicle at the time of the accident.

55.     Therefore, under the express terms of the applicable policy, there is no coverage afforded for Defendant McDevitt for the injuries claimed in the underlying matter, any duty to defend Defendant McDevitt has similarly been extinguished.

  c. **There is No Issue of Material Fact, and Therefore Summary Judgment is Warranted**

56.     Based on all of the above, there is no issue of fact to be tried that there is no coverage afforded to either Michael Miller or Kimberly McDevitt for the accident referenced in the Underlying Matter which occurred while Defendant Miller was operating Defendant McDevitt's automobile without a driver's license.

11

57. Exclusion 13(a) of The Policy excludes coverage for claims resulting from an accident involving the operation of an automobile by a person without a driver's license. See Exhibit G.

58. It is undisputed that at the time of the underlying accident, Defendant Miller was operating Defendant McDevitt's 2002 Pontiac Grand Am automobile without a valid driver's license. See Exhibit E.

59. Therefore, based on the facts of this matter, the unambiguous language of exclusion 13(a) of The Policy serves to exclude coverage for Defendant Miller and Defendant McDevitt.

60. Pennsylvania Courts have established that unlicensed driver exclusions contained in automobile insurance policies are valid and enforceable. See Duncan v. Omni Ins. Co., 2017 U.S. App. LEXIS 25240 (3d Cir. 2017).

61. In Duncan, Third Circuit Court of Appeals refused to invalidate the unlicensed driver exclusion, which read as follows:

> We do not provide Liability Coverage for any insured
>
> . . .
>
> 16. For bodily injury or property damage resulting from the ownership, maintenance or use of any vehicle when driven by an individual who:
>
>> c. Does not have a valid driver's license; or
>>
>> d. Has a suspended or revoked driver's license.
>
> See Duncan v. Omni Ins. Co., 2017 U.S. App. LEXIS 25240 *2.

62. Because the unlicensed driver exclusion in the subject policy, and the unlicensed driver exclusion upheld by the United States Third Circuit Court of Appeals in Duncan are identical, this Honorable Court should be guided by the Third Circuit's ruling in Duncan, and

12

hold that the subject unlicensed driver exclusion is valid and therefore coverage is not afforded for the claims asserted in the Underlying Matter based on the clear and unambiguous terms of The Policy and the facts of this matter.

63.  Accordingly, because the unlicensed driver exclusion contained in The Policy is valid and enforceable, and the exclusion serves to exclude coverage for both Defendant Miller and Defendant McDevitt based on the facts of the underlying matter, there is no issue of material fact to submit to a finder of fact, and summary judgment is warranted.

**WHEREFORE**, Plaintiff, Permanent General Assurance Corporation of Ohio, respectfully requests that this Honorable Court enter an Order declaring that it has no duty to defend or indemnify Defendants Michael Miller and Kimberly McDevitt in the Underlying Matter.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

By: _____
Suzanne R. Fisher, Esquire
Attorney ID# 70526
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422
(610) 567-0700
Attorney for the Plaintiff