UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| PERMANENT GENERAL INSURANCE CORPORATION OF OHIO, | : : : | |
| Plaintiff, | : : | |
| v. | : : | No. 5:19-cv-04619 |
| KIMBERLY MCDEVITT, MICHAEL MILLER, COLBY TODD, DANIEL F. MCGINTY, SAMUEL CHARNEGIE, and LEHIGH VALLEY INTERIOR CONSTRUCTION, | : : : : : : | |
| Defendants. | : : | |

**O P I N I O N**
**Plaintiff's Motion for Summary Judgment, ECF No. 24 — Granted**

**Joseph F. Leeson, Jr.**                                                                              **March 20, 2020**
**United States District Judge**

## I. INTRODUCTION

This case comes before the Court on a declaratory judgment action due to an automobile accident in Bethlehem, Pennsylvania. Permanent General seeks a declaration that it does not have a duty to defend and indemnify Kimberly McDevitt, the policyholder, and Michael Miller, the unlicensed driver of McDevitt's insured vehicle at the time of the accident. Permanent General brings this summary judgment motion to have this Court declare Permanent General is relinquished of their duty to defend and indemnify Miller and McDevitt in a lawsuit pending in the Lehigh County Court of Common Pleas. For the following reasons, summary judgment in favor of Permanent General is granted.

## II. BACKGROUND

On May 9, 2018, at approximately 6:58 a.m., an automobile accident allegedly occurred involving Miller, Colby Todd, and Daniel McGinty in Bethlehem, Lehigh County. *See* ECF No. 24-9, Ex. F. McGinty struck Miller, who was allegedly driving McDevitt's 2002 Pontiac Grand Am. *Id*. Miller's vehicle then allegedly crossed the center line of the highway and collided into Todd's vehicle. *Id*. Todd's vehicle then allegedly collided into a vehicle driven by Samuel Charnegie. *Id*.

At the time of the accident, Permanent General insured McDevitt's Grand Am. *See* ECF No. 24-10, Ex. G. The insurance policy provided coverage for compensatory damages due to bodily injury or property damage that results from a motor vehicle accident. *Id*. However, the insurance policy excludes from coverage as follows:

> We have no duty to defend and we do not provide this Part I – Liability Coverage for any person for:
>
> . . . .
>
> 13. Operation of any auto by a person who:
>
> a. Does not have a driver's license;
> b. Has a driver's license that is suspended or revoked; or
> c. Has a restricted driver's license and is using the vehicle outside the scope of that restriction.
>
> This does not apply to an auto being operating by an insured driver.

*Id*.

After the accident, Todd filed a complaint for negligence against Miller, McGinty, Todd, and Lehigh Valley Interior Construction in the Lehigh County Court of Common Pleas on December 27, 2018. *See* ECF No. 24-5, Ex. B. McDevitt is not a named defendant in the state

lawsuit. *Id*. Then, Permanent General filed this one count complaint seeking declaratory relief. *See* ECF No. 1. The complaint seeks declaratory relief on the basis Miller was driving McDevitt's Grand Am without a valid driver's license on the date of the accident. *Id*. at ¶ 43. Thus, the complaint alleges, Miller's conduct is outside the scope of coverage and Permanent General's duty to defend and indemnify is extinguished. *Id*. at ¶¶ 54, 55.

Due to their failure to appear, plead, or otherwise defend, default was entered against McGinty, Miller, Todd, McDevitt, and Lehigh Valley Interior Construction[1] on December 4, 2019. Charnegie answered that same day. *See* ECF No. 18. Charnegie also entered into a stipulation with Permanent General that he will not present any evidence or argument in opposition to the relief sought by Permanent General in this matter on February 6, 2020. *See* ECF No. 23.

Permanent General filed this summary judgment motion seeking a declaration it does not have to defend and indemnify Miller and McDevitt.

## III. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable

---

[1] Lehigh Valley Interior Construction was the owner of McGinty's vehicle at the time of the alleged accident. Lehigh Valley Interior Construction also employed McGinty.

substantive law, and a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 257 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56; *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323; *see also Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied*, 507 U.S. 912 (1993).

## B. Declaratory Judgment Act

This case has been brought under the Declaratory Judgment Act (DJA). "The [DJA] provides that, '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007).

While the question of whether an insurer has a duty to indemnify is generally "not ripe for adjudication until the insured is in fact held liable in the underlying suit," *Knightbrook Ins. Co. v. DNA Ambulance, Inc.*, No. 13-2961, 2013 U.S. Dist. LEXIS 176592, at *19-20 (E.D. Pa. Dec. 16, 2013) (citing *Heffernan & Co. v. Hartford Ins. Co.*, 614 A.2d 295, 298 (Pa. Super. 1992)), because a duty to indemnify cannot exist without a duty to defend, if the Court concludes that an insurer has no duty to defend, it must necessarily hold that there is no duty to indemnify either, *see Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999); *Westfield Ins. Co. v. Bellevue Holding Co.*, 856 F. Supp. 2d 683, 702 (E.D. Pa. 2012) (holding that because the insurer had no duty to defend, it necessarily had no duty to indemnify, and was therefore entitled to a declaratory judgment on the indemnification count as well).

### C. Default Judgment

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). In considering these factors, the "court should accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017).

### D. Insurance Contract Interpretation

Insurance policies are contracts subject to the principles of contract interpretation. *401 Fourth St., Inc. v. Investors Ins. Grp.*, 583 Pa. 445 (2005). "When the language of [an insurance] policy is clear and unambiguous," a court must typically give effect to that language. *Id*. One exception is when a contract's terms conflict with "public policy." *Burstein v. Prudential Prop.*

5
032020

*and Cas. Ins. Co.*, 570 Pa. 177 (2002). Wary of the "vague" and "formless" nature of public policy arguments, Pennsylvania takes a "circumspect posture" toward such arguments and requires the public policy on which a litigant relies to be "clearly expressed": the policy must be capable of being "ascertained by reference to the laws and legal precedents," or plainly identifiable by "long government practice or statutory enactments" or "obvious ethical or moral standards." *Id*. (quoting *Eichelman v. Nationwide Ins. Co.*, 551 Pa. 558 (1998)).

## IV. ANALYSIS

Permanent General asks the Court to declare that it has no duty to defend and indemnify McDevitt and Miller because Miller drove McDevitt's vehicle with an expired license. The Court must also address whether to enter a default judgment against the defaulting parties: McDevitt, Miller, Todd, McGinty, and Lehigh Valley Interior Construction.

For the following reasons, judgment is entered in favor of Permanent General.

The first factor of default, whether denying default judgment would prejudice Permanent General, weighs in favor of granting the default judgment because Permanent General is currently paying to defend Miller in the underlying state action by Todd and will continue to pay for a defense if default judgment is not entered.

The second factor, whether Miller and McDevitt appear to have a litigable defense, also weighs in favor of default judgment. In the Commonwealth of Pennsylvania, an insurance company's obligation to defend an insured is analyzed under a two-part framework. *See Simon Wrecking Co., Inc. v. AIU Ins. Co.*, 350 F. Supp. 2d 624, 640 (E.D. Pa. 2004). In a declaratory judgment action, as here, the court is first required to ascertain the scope of the policy's coverage. *Id*. Following that determination, "the court must examine the complaint in the underlying action to ascertain if it triggers coverage." *Simon Wrecking Co., Inc.*, 350 F. Supp.

2d at 640 (citing *Allen*, 692 A.2d at 1095). "An insurer's duty to defend is triggered if the factual allegations in the complaint, taken as true, 'would support a recovery that is covered by the policy.'" *USAA Gen. Indem. Co. v. Floyd*, No. 19-03820, 2019 U.S. Dist. LEXIS 203893, at *6 (E.D. Pa. Nov. 25, 2019) (quoting *Erie Ins. Exch. v. Transamerica Ins. Co.*, 533 A.2d 1363, 1368 (Pa. 1987)).

In *Duncan v. Omni Insurance Company*, 719 F. App'x 102 (3d Cir. 2017), the Third Circuit held the defendant's exclusion from coverage for unlicensed drivers applied to preclude the plaintiff's recovery against the defendant in a related state court proceeding. The plaintiff in *Duncan* was riding a public transit bus when an unlicensed driver, driving a car owned by Shamerka Renee Lamar and insured by the defendant, crashed into the bus and injured the plaintiff. *Id*. at 103-04. The defendant disclaimed coverage for injuries sustained by the plaintiff in the accident because the driver who caused the accident lacked a driver's license and Lamar's insurance policy contained an exclusion for such a circumstance. *Id*. at 104. The plaintiff successfully sued the driver in state court and Lamar assigned the plaintiff the rights against the defendant. *Id*. The plaintiff then brought claims for insurance bad faith against the defendant in state court, which the defendant removed to federal court. *Id*. The defendant moved for summary judgment, arguing the exclusion allowed them to disclaim coverage. *Id*. The trial court agreed and granted summary judgment. *Id*.

On appeal, the plaintiff argued the defendant's unlicensed-driver exclusion should not be enforced because it violates Pennsylvania public policy. *Id*. However, the Third Circuit disagreed and declared the defendant's exclusion not contrary to public policy. *Id*. at 105-06. The Third Circuit deemed the type of issue the plaintiff presented to be within the purview of the legislature. *Id*.

Here, the exclusion applies against Miller and McDevitt. As to Miller, Miller was an unlicensed driver operating McDevitt's vehicle. The exclusion to the policy states Permanent General need not provide coverage arising from "[o]peration of any auto by a person who . . . does not have a driver's license." *See* ECF No. 24-10, Ex. G. Miller was an unlicensed driver at the time of the accident. Moreover, the exception to the exclusion does not apply as the exception states the exclusion, "does not apply to an auto being operated by an insured driver." *Id*. An "insured driver" is defined as a "person specifically identified on the declarations page as an active driver under this policy." *Id*. Miller is not listed on the declarations page.

Next, the exclusion applies against McDevitt as well. The exclusion to the policy states Permanent General need not provide coverage arising from "[o]peration of any auto by a person who . . . does not have a driver's license." *Id*. The exception to the exclusion states the exclusion "does not apply to an auto being operated by an insured driver." *Id*. The policy defines "operating" as "the act of being directly in control of a motor vehicle." *Id*. McDevitt was not operating the vehicle at the time of the accident. Thus, the exception to the exclusion does not apply. It is for the reasons the motion for summary judgment is granted.

Finally, the third factor, whether defendants' delay is due to culpable conduct, is neutral. Miller and McDevitt were personally served with the instant Complaint but did not respond. *See* ECFs No. 5 and 7. Both Defendants were also served with Permanent General's requests for default, *see* ECF Nos. 13 and 15, but did not respond. The failure to defend may qualify as culpable conduct. *See E. Elec. Corp. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 553-54 (E.D. Pa. 2009) (finding that the defendants' failure to engage in the litigation process or offer a reason for this failure or refusal "qualifies as culpable conduct with respect to the entry of a default judgment"). Because this Court has no information as to why Miller and McDevitt have

not responded, however, this factor has been deemed only neutral by some courts. *See*, *e.g.* *Great Am. E&S Ins. Co. v. John P. Cawley, Ltd.*, 866 F. Supp. 2d 437, 441-42 (E.D. Pa. 2011) (concluding that because the court had no information related to the motivations of the defendants in failing to appear and defend, the delay could not be deemed willful and in bad faith, rendering the third factor of the default judgment analysis "at most a neutral factor").

## V. CONCLUSION

For the reasons stated above, Permanent General's motion for summary judgment, which is also construed as a simultaneous motion for default judgment, is granted. Permanent General has no duty to defend and indemnify McDevitt and Miller as Miller operated McDevitt's vehicle without a valid license.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge